```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

Anna Norwood,                      :

    Plaintiff,                 :

  v.                              :    Case No. 2:05-cv-0904

William (a/k/a Bill) Thompson,     :    MAGISTRATE JUDGE KEMP
et al.,
                                                  :

    Defendants.

## OPINION AND ORDER

    Plaintiff, Anna Norwood, an employee of the Industrial Commission of Ohio, filed this action asserting federal and state law claims against ten defendants, eight of whom are employed by either the Industrial Commission or the Bureau of Workers Compensation, and two of whom are Ohio State Troopers.  On March 30, 2006, this Court issued an Opinion and Order (doc. #12) dismissing all the claims asserted against the eight Industrial Commission or Bureau of Workers Compensation employees.  The two Ohio State Troopers, Chad Miller and Anitra Franklin, have now moved to dismiss the claims against them.  Plaintiff has not responded to that motion.

    This case has been referred to the Magistrate Judge for full disposition under 28 U.S.C. §636(c).  For the following reasons, the motion will be granted.

                                                           I.

    When considering a motion to dismiss pursuant to Fed. R. Civ. P. l2(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Roth Steel Products v. Sharon Steel Corp.</u>, 705 F.2d 134, 155 (6th Cir. 1983).  When

determining the sufficiency of a complaint in the face of a motion to dismiss, the court must apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  See also, McLain v. Real Estate Bd. of New Orleans, Inc., 444 U.S. 232 (1980); Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983), cert. denied, 469 U.S. 826 (1984).

A motion to dismiss under Rule 12(b)(6) is directed solely to the complaint itself.  Roth Steel Products, 705 F.2d at 155. Consequently, the Court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail.  Scheuer, 416 U.S. at 236.  A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted.  Roth Steel Products, 705 F.2d at 155.  The Court will grant a defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) if the complaint is without merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim.  See generally Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978).

II.

The facts of this case are taken from this Court's Opinion and Order (doc. #12) filed on March 30, 2006.  Of course, as this Court previously noted, the facts are those set forth in the complaint and therefore constitute only Ms. Norwood's version of the events leading up to the workplace confrontation that took place on May 2, 2005.

Ms. Norwood has worked for the

2

Industrial Commission of Ohio for 32 years. In 2004, defendant Jennifer Bishop became her supervisor. The two apparently did not get along well. After suffering through what Ms. Norwood perceived to be a series of discriminatory actions taken by Ms. Bishop, resulting in the loss of significant job responsibilities, Ms. Norwood filed an EEO complaint against Ms. Bishop on April 14, 2005. In that complaint, she alleged that Ms. Bishop had discriminated against her based upon her age and her medical disability.

Both Ms. Bishop and Ms. Norwood became aware that the EEO officer would issue a report on Monday, May 2, 2005. The preceding Friday, April 29, 2005, another Industrial Commission employee told Ms. Bishop that Ms. Norwood had been "known to carry a gun." Apparently, the purpose of that communication was to alert Ms. Bishop to the possibility that, if the EEO report were not to Ms. Norwood's liking, there might be trouble. Although it is not entirely clear from the complaint, it can reasonably be inferred from the allegations that Ms. Bishop was also told that the time period during which plaintiff had been "known to carry a gun" was five years before.

On May 2, 2005, before the EEO officer issued her report, Ms. Bishop told defendant Donald Collins, a Human Resources Manager, that Ms. Norwood might be armed that day. Mr. Collins called defendant Steve Johnson, a security officer employed by either the Industrial Commission or the Bureau of Workers Compensation, and relayed what Ms. Bishop had said. Mr. Johnson told Mr. Collins to call the Ohio State Highway Patrol. He did so, and two state troopers, defendants Miller and Franklin, arrived at the Industrial Commission office on West Spring Street sometime before the close of business.

At ten minutes to 5:00, Ms. Norwood was

summoned to a conference room at the Industrial Commission. She believed that she was going to be given the EEO officer's report. However, when she arrived at the conference room, she was confronted by a group of six people - the two State Troopers, Mr. Collins, and three other Industrial Commission employees, defendants Jo Skodis, Linda Ackley, and Tim Adams. The troopers asked Ms. Norwood if she was armed. She denied having a gun with her. They then asked her to go to her work station, accompanied by an escort, to retrieve her purse. She refused, but did agree to allow her purse to be brought to the conference room. She was then presented with a consent form which, when signed, authorize the search of her purse. Ms. Norwood signed the form.

In her complaint, Ms. Norwood claims that she did not sign the form voluntarily. Rather, she asserts that she was coerced by the presence of six people, including two state troopers, into consenting to the search against her will. Those present in the room searched her purse by dumping the contents onto the table. When no gun was found, Ms. Norwood was permitted to gather her belongings and go home. The complaint does not allege how long the questioning and search of Ms. Norwood's purse took.

Ms. Norwood claims to have suffered an emotional injury as a result of this incident. Additionally, she asserts several state law claims related to a memo which Mr. Collins wrote after the incident. She contends that the memorandum, which explained to others at the Industrial Commission what occurred, left out vital information and inaccurately described her as "upset" (which, in her view, meant "angry") instead of "emotionally traumatized."

(Opinion and Order (doc. #12) at pp. 2-5.)

### III.

Because the moving defendants have asked that the complaint

4

be dismissed in its entirety, it is helpful to set forth in some detail the nine causes of action which Ms. Norwood pleads.  Five of her claims arise under federal law, and four are state law tort claims.

Ms. Norwood asserts seven claims against Troopers Miller and Franklin.  Count One asserts a §1983 cause of action for searching her property without probable cause and without obtaining a valid consent for the search.  Ms. Norwood also claims that Mr. Miller and Ms. Franklin failed to advise her of her constitutional rights and denied her equal protection under the laws.  Count Two sets forth a conspiracy claim under 42 U.S.C. §1985(3), and Count Three asserts a negligent deprivation of civil rights.

Count Four alleges the deprivation of a liberty interest without due process arising from Ms. Norwood's detention in the fifth floor conference room for what she describes as "an appreciable period of time" without either probable cause or reasonable suspicion to support the detention.  Count Five alleges a substantive due process claim founded upon the same detention.

In Counts Six and Nine, Ms. Norwood alleges violations of Ohio state law.  Ms. Norwood's first state law claim, Count Six, is a claim for intentional infliction of emotional distress.  In Count Nine, Ms. Norwood asserts a false imprisonment claim against Mr. Miller and Ms. Frankin for detaining her in the conference room while she was questioned and searched.

IV.

Like the eight defendants who were dismissed from this lawsuit, the two Ohio state troopers have moved to dismiss the complaint on grounds that it does not state a federal constitutional claim or, in the alternative, that they are entitled to qualified immunity from suit.  As this Court

5

indicated in its previous Opinion and Order (doc. #12):

> in deciding such a motion, this Court must first determine if, utilizing the legal standards applicable to a motion to dismiss, the plaintiff has pleaded a violation of his or her constitutional rights. If the complaint adequately pleads a constitutional violation, the Court must then determine whether the constitutional right in question was so clearly established at the time of the alleged violation that a reasonable public official would have appreciated that the plaintiff's rights were being violated. See Dickerson v. McClellan, 101 F.3d 1151, 1157 (6th Cir. 1996).

(Id. at p. 5-6.)

Reviewing the Ohio state troopers' arguments concomitantly with this Court's previous Opinion and Order (doc. #12), this Court adopts the same legal analysis that was used to dismiss all of those claims. (Id. at pp. 6-10.) Primarily, this Court notes that Ms. Norwood failed to plead a violation of her Fourth and Fourteenth Amendment constitutional rights because Ms. Norwood affirmatively pleaded that she gave consent to the search and "simply failed to plead any facts which would give rise to an inference that her consent to the search was invalid." (Id. at p. 10.) Moreover, as this Court previously noted, because Ms. Norwood has failed to plead a constitutional violation,

> had such a violation been pleaded, the defendants nevertheless would be entitled to dismissal of the claims against them based upon qualified immunity. If no constitutional violation occurred, no reasonable state actor in the defendants' position could have believed, based upon clearly established law, that his or her actions violated Ms. Norwood's constitutional rights.

(Id.)

Ms. Norwood's also failed to plead a violation under 42

6

U.S.C. §1985(3). In order to bring a successful claim under §1985, a plaintiff must allege class-based animus, <u>Kush v. Rutledge</u>, 460 U.S. 719, 725 (1983), and that was not alleged here. (<u>See</u> Opinion and Order (doc. #12) at pp. 14-15.) Further, because Ms. Norwood failed to plead a §1985 violation, she cannot maintain her claims alleged in Count Three for violations under 42 U.S.C. §1986. <u>See Braley v. City of Pontiac</u>, 906 F.2d 220, 227 (6th Cir. 1990)("Where a plaintiff has stated no cause of action under §1985, no cause of action exists under §1986").

Ms. Norwood also fails to state a claim against the two Ohio state troopers for violations of her substantive due process rights. (<u>See</u> Opinion and Order (doc. #12) at p. 14.) As the Court noted, "the substantive Due Process Clause is not a 'catch-all' clause under which constitutional claims of any nature can be asserted." (<u>Id.</u> (citing <u>Graham v. Connor</u>, 490 U.S. 386 (1990)).) Rather, because Ms. Norwood's claims arise under the Fourth Amendment, all factual allegations must be analyzed pursuant to that amendment's jurisprudence.

Finally, Ms. Norwood's claims for unlawful detention against Mr. Miller and Ms. Franklin meet the same disposition as the unlawful detention claims asserted against the other named defendants. (<u>See</u> Opinion and Order (doc. #12) at p. 15.) Specifically, Ms. Norwood was "simply summoned to a conference room during the work day in order to meet with work place officials," (<u>Id.</u>), and given the facts surrounding Ms. Norwood's alleged detention, this does not amount to a constitutional violation.

V.

Ms. Norwood has also pleaded a number of claims against the moving defendants under state law. Although the Court has discretion to retain jurisdiction over these claims even after all of her federal claims against the moving defendants are

dismissed, it chooses not to exercise that discretion here. Consequently, her state law claims against Mr. Miller and Ms. Franklin will be dismissed without prejudice.

VI.

Based upon the foregoing, the motion filed by Mr. Miller and Ms. Franklin to dismiss (doc. #13) is GRANTED.  All of the claims against Ms. Franklin and Mr. Miller under federal law are DISMISSED WITH PREJUDICE for failure to state a claim.  All of the claims against those defendants pleaded under state law are DISMISSED WITHOUT PREJUDICE.  Because these are the only remaining claims, the Clerk is directed to enter judgment terminating this case.


/s/ Terence P. Kemp
United States Magistrate Judge